# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEMBA BERNARD SANGANZA,** | : | CIVIL ACTION NO. 3:18-CV-1727 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **JOE DOE 1, et al.,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Themba Bernard Sanganza, a federal inmate, filed this amended *Bivens*[1] complaint alleging that Defendants violated Sanganza's constitutional rights by illegally holding him in custody, attempting to interfere with his criminal case and coerce him into pleading guilty, and retaliating against him for filing or threatening to file a civil complaint. (Doc. 9 at 3-4). Sanganza has also filed a series of motions that are ripe for consideration, including motions: for a preliminary injunction (Doc. 13); for a jury trial (Doc. 28); for default judgment (Doc. 32); for oral argument or adjudication of other motions (Doc. 45); to unseal the case (Doc. 46); and to compel initial and expert disclosures (Doc. 47). Defendants filed two motions to dismiss the complaint, which the Court subsequently converted to motions for summary judgment. (Docs. 25, 30, 42). For the following reasons, Defendants' motions for summary judgment will be granted, and Sanganza's motions will be denied.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

I. **Factual Background & Procedural History**[2]

In 2017, Sanganza was convicted of mail and bank fraud and was sentenced to 144 months' imprisonment. (Doc. 34 ¶ 2; Doc. 34-1 at 4-5). Sanganza was thereafter assigned to the Allenwood Federal Correctional Institution ("Allenwood FCI"). (Doc. 34 ¶ 1). Sanganza alleges that, in October 2017—while he was incarcerated at Allenwood FCI—Defendant Gardner attempted to coerce Sanganza into agreeing that he suffered from a mental illness, and Kahley Charles attempted to provide Sanganza with medication that would render Sanganza unconscious, thereby allowing the government to force Sanganza to sign documents that would result in a "tainted conviction." (Doc. 9 at 3). Sanganza further alleges that, beginning in February 2018, Defendants issued false misconduct reports, placed Sanganza in solitary confinement, and orchestrated a sexual assault against Sanganza in retaliation for Sanganza threatening to sue, suing, or encouraging other prisoners to sue prison officials. (Id. at 3-4). Sanganza did not file any administrative grievances or claims related to those matters. (Doc. 34 ¶¶ 15-17).

---

[2] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from the Rule 56.1 statement of material facts. (See Doc. 34). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

In late 2018, Sanganza filed suit against Defendants alleging violations of his constitutional rights. (Id.). Defendants in turn filed two motions to dismiss contending, inter alia, that Sanganza's complaint must be dismissed because he failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act[3] ("PLRA"). (See Docs. 26, 35).

Because Defendants' motions relied in part on the contention that Sanganza failed to exhaust his administrative remedies, this Court issued an order—pursuant to Paladino v. Newsome, 885 F.3d 203, 211 (3rd Cir. 2018)—that converted to motions to motions for summary judgment and permitted the parties to supplement the record with any pertinent documents or arguments related to the exhaustion of Sanganza's administrative remedies. (Doc. 42). Defendants declined to supplement the record (Docs. 43, 44), while Sanganza submitted a timely supplemental brief. (Doc. 48). The matter is now ripe for consideration.

## II. Legal Standard

"Summary judgment is appropriate when, drawing all reasonable inferences in favor of the nonmoving party, the movant shows that there is no genuine dispute as to any material fact, and thus the movant is entitled to judgment as a matter of law." Minarsky v. Susquehanna Cty., 895 F.3d 303, 309 (3d Cir. 2018) (internal quotation marks omitted). "A dispute is genuine if a reasonable trier-of-fact could find in favor of the non-movant, and material if it could affect the outcome of the

---

[3] 42 U.S.C. § 1997e.

case." Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ., 880 F.3d 643, 650 (3d Cir.) (internal quotation marks omitted), cert. denied, 139 S. Ct. 167 (2018)).

**III.  Discussion**

Defendants contend that summary judgment is appropriate because Sanganza failed to exhaust his administrative remedies prior to filing suit. (Docs. 26, 35, 44). Sanganza in turn asserts that the motions should be denied because: (1) Defendants unambiguously violated his constitutional rights; (2) administrative remedies are inadequate to address his irreparable injuries; (3) exhausting his remedies would be futile because grievances "usually disappear" after they are filed; and (4) the Court should, in the exercise of its discretion and "in the interests of justice," excuse his failure to exhaust administrative remedies. (Doc. 48 at 1).

**A. Summary Judgment Motions**

The PLRA requires that federal prisoners exhaust all available administrative remedies prior to filing suit in federal court. Rinaldi v. United States, 904 F.3d 257, 264-65 (3d Cir. 2018). "Exhaustion is thus a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason, . . . it constitutes a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." Id. at 265 (emphasis and internal quotation marks omitted). To exhaust administrative remedies in federal prison:

> As a general matter, inmates must (1) attempt an informal resolution with staff at the institution; (2) file a formal complaint with the institution; (3) file an appeal to the appropriate Regional Director if the inmate is not satisfied with the institution's response to the formal complaint; and (4) file another appeal to the General Counsel if the

> inmate is not satisfied with the Regional Director's response to the appeal.

Id. (internal citations omitted).

Despite containing a strict exhaustion requirement, "[t]he PLRA requires only 'proper exhaustion,' meaning exhaustion of those administrative remedies that are 'available.'" Id. at 266 (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)). Thus,

> the Supreme Court [has] identified "three kinds of circumstances in which an administrative remedy, although officially on the books," is not "available" because it is "not capable of use to obtain relief": (1) when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when it is "so opaque that it becomes, practically speaking, incapable of use," such as when no ordinary prisoner can discern or navigate it; or (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

Id. at 266-67 (quoting Ross v. Blake, 136 S. Ct. 1850, 1859-60 (2016)).

"The burden to plead and prove failure to exhaust as an affirmative defense rests on the defendant." Id. at 268. "But once the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." Id. When considering exhaustion in the context of a motion for summary judgment, "a district court may not make credibility determinations or engage in any weighing of the evidence." Paladino, 885 F.3d at 209-10 (internal quotation marks omitted). "Rather, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." Id. at 210 (internal quotation marks omitted).

5

It is undisputed that Sanganza failed to exhaust his administrative remedies (*see* Doc. 34 ¶¶ 15-17; Doc. 48), and the burden therefore falls on him to demonstrate that such remedies were unavailable. The Court concludes that Sanganza cannot sustain his burden.

As an initial matter, although Sanganza cites to <u>Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor</u>, 619 F.2d 231, 245 (3d Cir. 1980), for the proposition that his failure to exhaust administrative remedies may be excused at this Court's discretion and for various reasons, that case has been abrogated by the United States Supreme Court's decision in <u>Ross</u>. There, the Supreme Court noted that, unlike "judge-made exhaustion doctrines . . . mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." 136 S. Ct. at 1857. The Supreme Court emphasized that it had "reject[ed] every attempt to deviate . . . from [the PLRA's] textual mandate" <u>id.</u>, and that failure to exhaust administrative remedies may only be excused if such remedies were unavailable to the prisoner. <u>Id.</u> at 1858-59. Thus, the only ground invoked by Sanganza that may legitimately excuse his failure to exhaust administrative remedies is his contention that grievances "usually disappear" after they are filed (Doc. 48 at 1), as this would effective "thwart inmates from taking advantage of a grievance process." <u>Rinaldi</u>, 904 F.3d at 266-67.

Nevertheless, Sanganza's assertion is insufficient to establish that administrative remedies were unavailable. First, Sanganza provides no evidence to support his conclusory assertion that grievance often disappear, and it is well

6

established that courts need not "accept assertions in a brief without support in the pleadings." Chavarriaga v. N.J. Dep't of Corrs., 806 F.3d 210, 232 (3d Cir. 2015). See also Mazzarella v. Fast Rig Support, LLC, 823 F.3d 786, 792 (3d Cir. 2016) (noting that assertions made in brief must be "backed up with evidence"); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1372 (3d Cir. 1996) ("legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion" (brackets and internal quotation marks omitted)). Second, even if the Court considered Sanganza's conclusory assertion, given that Sanganza did not file a single administrative grievance during his time in federal custody (Doc. 34-1 at 9-11), it is unclear how he could establish any basis for his statement that grievances often disappear. In the absence of any evidence that could corroborate Sanganza's claim that administrative grievances frequently disappear, the Court concludes that summary judgment is appropriately entered in favor of Defendants due to Sanganza's failure to exhaust his administrative remedies.

**B. Sanganza's Motions**

Finally, the Court will address the remaining motions filed by Sanganza. As to Sanganza's motion for a preliminary injunction, a preliminary injunction is an "extraordinary remedy" that will not be granted "unless the movant, by a clear showing, carries the burden of persuasion." Holland v. Rosen, 895 F.3d 272, 285 (3d Cir.) (internal quotation marks omitted), cert. denied, 139 S. Ct. 440 (2018). To determine whether Sanganza has met his burden, the Court must review

7

> four factors: (1) a reasonable likelihood of success on the merits; (2) irreparable harm to the applicant; (3) whether the denial of a preliminary injunction would injure the moving party more than the issuance of an injunction would harm the non-moving party; and (4) whether the grant of relief would serve the public interest.

Id. at 286-87. "The first two factors are prerequisites for a movant to prevail." Id. at 287.

Because Sanganza failed to exhaust his administrative remedies—and judgment is therefore appropriately entered in favor of Defendants—he cannot establish a likelihood of success on the merits, and his request for a preliminary injunction must be denied. Cf. Hankins v. Temple Univ. (Health Scis. Ctr.), 829 F.2d 437, 438 n.1 (3d Cir. 1987) (holding "motion for a preliminary injunction [is] rendered moot by the issuance of the district court's final order on the merits"); Hardy v. Shaikh, No. 1:18-CV-1707, 2019 WL 1756535, at *6 (M.D. Pa. Apr. 19, 2019) (motion for preliminary injunction mooted by determination that plaintiff "failed to exhaust his administrative remedies").

Next, Sanganza moves for default judgment on the ground that Defendants "defaulted by not answering [Sanganza's] initial complaint, any of the issues raised therein, [or] filing a response or dismissal request." (Doc. 32 at 2). Contrary to Sanganza's assertion, Charles was required to respond to the amended complaint on or before May 13, 2019, and filed a motion to dismiss on March 27, 2019. (Docs. 24, 25). The remaining Defendants obtained an extension of time from this Court and were required to respond to the amended complaint on or before June 5, 2019; Defendants filed a motion to dismiss on June 5, 2019. (Docs. 27, 30). "[D]efendants

8

[thus] filed their responsive pleadings within the appropriate time after being served, which forecloses [Sanganza's] request for a default judgment." Cope v. Soc. Sec. Admin., 532 F. App'x 58, 59 (3d Cir. 2013).

Additionally, because judgment will be entered in favor of Defendants, Sanganza's motion for a jury trial (Doc. 28), motion to compel the Court to adjudicate his other motions or order oral argument (Doc. 45), and motion for initial and expert disclosures (Doc. 47), are moot and will be denied as such. Finally, Sanganza has moved to unseal all matters in this case. (Doc. 46). However, nothing in this case has been sealed, and the motion will therefore be denied.

## IV. Conclusion

For the foregoing reasons, the court will grant Defendants' motions for summary judgment and deny Sanganza's motions. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: August 22, 2019